UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| IMPULSE MONITORING, INC., | ) | Civil Action No. 3:14-cv-02041-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AETNA HEALTH, INC., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Aetna Life Insurance Company ("Defendant") has moved this Court to stay this action pending resolution of Aetna's Motion to Transfer pursuant to 28 U.S.C. § 1407 filed with the Judicial Panel ("the Panel") on Multidistrict Litigation ("MDL") on July 25, 2014 at Case No. 2571. (ECF No. 13.) Defendant indicates that the instant action is one of several cases currently pending in federal district courts across the country involving these parties and the matters at issue in this case. (ECF No. 13 at 1.) To that end, Defendant has filed a motion to transfer these actions before a single judge pursuant to 28 U.S.C. § 1407 in order to conserve judicial resources, promote the convenience of the parties and to avoid the possibility of conflicting rulings. (ECF No. 12.) Plaintiff Impulse Monitoring, Inc. ("Plaintiff") opposes Defendant's motion to stay the proceedings in this matter. (ECF No. 14.) Plaintiff argues that Defendant is needlessly attempting to delay the proceedings and ultimately the payment of Plaintiff's ERISA medical benefit claims. (ECF No. 14.)

Upon review of the record, briefing, and the relevant case law, this Court concludes that Defendant's Motion to Stay Pending Resolution of its Motion to Transfer Pursuant to 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation (ECF No. 13) should be granted. This Court's power to stay its proceedings is well established. *See Landis v. North American Co.*, 299 U.S. 248,

254 (1936). The power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.*

When considering a motion to stay, the district court should consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Johnson v. DePuy Orthopaedics, Inc.*, No. 3:12-cv-2274, 2012 WL 4538642, *2 (D.S.C. Oct. 1, 2012) (granting stay pending a transfer of the case to MDL). In view of these factors, a stay is particularly appropriate in the instant matter. Defendant's motion to transfer has been fully briefed and is scheduled for argument before the Panel on October 2, 2014. (ECF No. 16.) A ruling on the motion is expected shortly thereafter, thus, any purported delay in this case claimed by Plaintiff will be minimal and would not constitute prejudice to Plaintiff. *See Fuller v. Amerigas Propane, Inc.*, Nos. C 09-2493, 09-2616, 2009 WL 2390358, *1 (N.D. Cal. Aug. 3, 2009)("[C]onsidering that both cases for which MDL treatment is sought are in very early procedural stages and that the MDL Panel is expected to hear this matter within a few months, any delay caused by this stay will be of very short duration..."). Further, the Court's May 30, 2014 scheduling order (ECF No. 6) imposes several case management deadlines which have either passed or are quickly approaching. Staying this case pending a possible transfer by the Panel will avoid wasting judicial resources, the duplication of case management tasks, and undue hardship for Defendant who is having to engage in widespread pretrial proceedings while its request for a transfer is pending. Accordingly, there is good cause to grant Defendant's motion because a stay will promote judicial economy and consistency in a manner consistent with the purposes of 28 U.S.C. § 1407. *See Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360–62 (C.D.Cal.1997) (granting stay and noting that " a majority of courts have concluded that it is often appropriate to stay

preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved.").

For the reasons set forth above, Defendant's Motion to Stay Pending Resolution of its Motion to Transfer Pursuant to 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation is GRANTED. (ECF No. 13.) All proceedings in this Court concerning this case are hereby STAYED pending resolution of Defendant's Motion to Transfer filed with the Judicial Panel on Multidistrict Litigation at No. 2571. Upon receipt of the Panel's decision on the motion, counsel for Defendant shall file a notice with this Court, and counsel for the parties shall promptly confer and, if necessary, file a status report to advise the Court as to whether any case management deadlines should be reset.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
September 23, 2014